# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN DISTRIBUTING COMPANY, LLC,<br><br>                              Plaintiff,<br><br>   v.<br><br>PAUL CORBETT,<br><br>                            Defendant. | Case No. 18-cv-2231-BAS-BGS<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 6]** |

Presently before the Court is Plaintiff Sun Distributing Company, LLC's Ex Parte Application to File Exhibits Under Seal. (ECF No. 6.) Plaintiff seeks to file under seal Exhibits 2 and 4 to the Declaration of William J. Thomas in Support of Sun Distributing's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff states these exhibits contain trade secret information.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although

independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.

2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. ANALYSIS

Exhibit 2 is a copy of the Employment Agreement between Plaintiff and Defendant. Plaintiff claims the agreement "contains terms and conditions of employment, including compensation and benefit information, which are confidential and proprietary and not generally available to the public." (ECF No. 6, at 2.) Exhibit 4 is an email from a customer to Mr. Thomas. The email "contains information identifying Sun Distributing's confidential and proprietary information and trade secrets related to the identity of its customer, the key contact personnel at the customer, as well as the customer's specific requirements and pricing structures." (*Id.* at 3.)

The two exhibits contain non-public information which Plaintiff considers to be trade secrets. Plaintiff has provided redacted versions of the exhibits, and the majority of the exhibits remain public. Having reviewed Plaintiff's requests and the documents, the Court finds that Plaintiff provides compelling reasons to seal portions of Exhibits 2 and 4 to the Declaration of Mr. Thomas. The Court **GRANTS** Plaintiff's motion to file documents under seal. (ECF No. 6.)

**IT IS SO ORDERED.**

**DATED: October 1, 2018**

Hon. Cynthia Bashant
United States District Judge